### HOBART, In re.

Ohio Appeals, Second District, Miami County.

No. 510.   Decided October 30, 1956.

Robert S. Miller, Ellis W. Kerr, Troy, for applicant-appellee, Rachel Elizabeth Hobart.

Paul G. Gingrich, Baird Broomhall, Faust & Harrelson, Troy, for respondent-appellant, Charles C. Hobart.

### OPINION

By MILLER, Presiding Judge:

This is a law appeal from a judgment of the Probate Court of Miami County ordering that Elizabeth Beatrice Hobart, whom we will hereafter refer to as the child, be committed to the Dayton State Hospital and placed in the custody of the Superintendent thereof for such care and treatment as the medical staff may deem appropriate

The record discloses that on January 1, 1952, an affidavit was duly filed by Rachel Elizabeth Hobart, mother of the child, alleging that she was mentally ill. All statutory requirements were duly complied with and on May 2, 1952, a hearing was had and the court found that

said child was mentally ill and in need of special care and treatment and ordered her committed to the Miami Valley Hospital. Upon application for review she was later committed to the Harding Sanitarium. Several more reviews were had and then on June 2, 1955, the court again ordered that a review of the custodial order be held. The cause then came on for hearing on said motion on March 10, 1956, at which time the court found that appellant's motion was not well taken and should be overruled; that all former custodial orders be vacated and that said child be committed to the Dayton State Hospital.

The appeal is being prosecuted by said Charles C. Hobart, father of the child, who alleges that he is the natural guardian and next friend of his daughter. The mother, who has been designated as the applicant-appellee, is urging through her counsel that the court properly overruled the appellant's motion. The right of the appellant to prosecute this appeal might be questioned, since he is not a lawfully appointed guardian, but since this question has not been raised, we will express no opinion on the same.

The first three assignments of error relate to the alleged errors in finding that the child was mentally ill on May 2, 1952 Clearly, the time for prosecuting these alleged errors is long past and this Court has no jurisdiction to entertain them.

The fourth assignment of error appears to be the principal one relied upon by the appellant, to-wit:

"4. The court erred in placing Elizabeth Beatrice Hobart in the custody of Dr. George W. Harding, Columbus, Ohio, and others during the four years last past and in failing to order her placed in the custody, care and control of her father, Charles C. Hobart."

It may not be questioned that the court had the authority to make the commitment upon its being satisfied that said child was mentally ill and in need of specialized care, for it is so provided in §5123.23 R. C. The power is a discretionary one and may not be disturbed unless there has been an abuse of the same.

We have reviewed the entire record and conclude that under the evidence the trial judge had the right to find that the child is mentally ill and that its best interests require that it be hospitalized. It is only in the exercise of a fatherly instinct, for which he should be commended, that the father desires the child be kept out of a public institution and turned over to him for custody and control. However, he has presented no plan which appears to be feasible and for the best interests of the child. Therefore, the court did not abuse the discretion accorded to it under the cited section of the Revised Code.

We find no error in the record and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.